IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM E. HAWKINS,

Petitioner,

vs.                                             Civil No. 14-cv-491-DRH
                                                Criminal No. 90-CR-30067-DRH
UNITED STATES,

Respondent.

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner William E. Hawkins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Hawkins' motion shows that it must be dismissed.

A jury convicted Hawkins of conspiring to distribute cocaine and marijuana, 21 U.S.C. § 846, distributing cocaine, 21 U.S.C. § 841(b)(1)(B), engaging in a continuing criminal enterprise, 21 U.S.C. § 848, and conspiring to travel in interstate commerce in aid of racketeering, 21 U.S.C. §§ 371 and 1952. The

Seventh Circuit vacated the conspiracy conviction as a lesser included offense of the continuing criminal enterprise conviction in light of *Rutledge v. United States,* 517 U.S. 292 (1996). *See United States v. Hawkins*, No. 9701346, 1998 WL 104627 (7th Cir. Mar. 5, 1998). On remand, District Judge William D. Stiehl, now retired, sentenced Hawkins to 383 months' imprisonment. The Seventh Circuit affirmed Hawkins' new sentence.

In 2000, Hawkins moved to vacate his convictions and sentence under 28 U.S.C. § 2255. Although initially denied, upon reconsideration, Judge Stiehl vacated Hawkins' continuing criminal enterprise conviction and reinstated the conspiracy conviction in reliance on *Rutledge v. United States,* 230 F.3d 1041, 1047 (7th Cir. 2000), and resentenced Hawkins to 383 months' imprisonment. Hawkins appealed, but a certificate of appealability was not granted. *See Hawkins v. United States,* 00-cv-471-WDS.

Thereafter, Hawkins filed another § 2255 motion, attacking his new sentence for the reinstated conspiracy conviction. Judge Stiehl held this second § 2255 motion amounted to an unauthorized successive attack for which Hawkins had not received authorization. The Seventh Circuit disagreed and reversed, holding that a second habeas petition that challenges a newly imposed sentence is not a successive petition within the meaning of § 2244. *Hawkins v. United States,* 415 F.3d 738, 740 (7th Cir. 2005). On remand, Judge Stiehl denied Hawkins' requested relief on the merits and a certificate of appealability did not issue. *See Hawkins v. United States,* 05-cv-248-WDS.

While Hawkins pursued his second § 2255 motion, he continued to attack his criminal judgment through various unsuccessful motions filed in his criminal case. The Seventh Circuit has previously noted that since the denial of Hawkins' second § 2255 motion, he has pursued numerous unsuccessful appeals from decisions denying relief on his continued attempts to attack his criminal judgment. The Seventh Circuit has cautioned Hawkins that should he continue to file frivolous papers, sanctions may result. *Hawkins v. United States,* No. 08-2934 (7th Cir. Oct. 20, 2008) (Cr. Doc. 617). This Court similarly cautions Hawkins now.

Instantly, Hawkins acknowledges the extensive history briefly related above. Undeterred, he alleges "newly discovered evidence" as the basis of his instant § 2255 motion. Hawkins alleges a "declaration of guilt from co-conspirator, John E. Hawkins [John], seriously contradicts the government's evidence at trial." To summarize, Hawkins argues, in part, that the drug quantity attributed to John, as demonstrated in various criminal documents, demonstrates that the drug quantity attributed to Hawkins was incorrect. Thus, Hawkins alleges these documents constitute "newly discovered evidence," demonstrating Hawkins' "actual innocence." On this basis, Hawkins asks that this Court vacate the sentence imposed on June 11, 2002. Hawkins' instant pleadings clearly represent yet another successive and unauthorized § 2255 motion. On this basis, his motion is **DISMISSED for lack of jurisdiction**. *See United States v. Carraway,* 478 F.3d 845, 849 (7th Cir. 2007); 28 U.S.C. § 2244.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

Reasonable jurists would not debate that this petition is a successive collateral attack brought without the required pre-authorization. Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSION

For the aforementioned reasons, petitioner Hawkins' 28 U.S.C. § 2255 is **DISMISSED without prejudice for lack of jurisdiction**. A certificate of appealability shall not issue. As to Hawkins' motion for leave to proceed *in forma pauperis* (Doc. 2), it is dismissed as moot as a filing fee is not required. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 3.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.05 12:18:31 -05'00'

**Chief Judge**
**U.S. District Court**